OPINION
{¶ 1} Defendant-appellant, Eric J. Rhodes, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of felonious assault, with specification; improperly discharging a firearm at or into a habitation or school, with specification; having a weapon while under disability; and domestic violence. For the following reasons, we affirm in part, and reverse in part, the judgment of the trial court. {¶ 2}
This case arises from events that occurred on March 19, 2003. According to the state's evidence, Leeoandra Reaves and defendant had a fight in the common area behind the apartment of Luan Pryor. Defendant kicked Ms. Reaves in the side and hit her in the head with his fist during this fight. Ms. Pryor was in her apartment during the fight, and the back door of her apartment was open. Upon seeing this fight, Ms. Pryor called 911.[1] Ms. Pryor did not see anyone, other than Ms. Reaves and defendant, in the courtyard area during the fight.[2]
 {¶ 3} At some point, Ms. Reaves jumped over a baby gate that was in the back doorway of Ms. Pryor's apartment, moved Ms. Pryor's child out of the way, and slammed the door shut, leaving defendant outside. Then the doorknob "was rattling." (Tr. 76.) Ms. Pryor could not see who was rattling the doorknob. Within seconds after the doorknob rattled, Ms. Pryor heard a gunshot. Ms. Reaves had been shot in her foot. She was bleeding and she screamed with pain. The bullet had traveled through the closed back door of the apartment prior to hitting Ms. Reaves in the foot.
 {¶ 4} A shell casing was found on the patio area outside Ms. Pryor's apartment. An expert witness in the area of ballistics and firearm examination examined the shell casing and the spent bullet in order to determine if they were the same caliber. The expert determined that the shell casing was .380 cartridge size and the bullet fragment was a 38 caliber. The expert was unable to definitively determine whether the bullet and the casing came from the same shot. The expert also testified that the distance a shell casing travels after the weapon is fired depends on numerous variables. The expert also testified regarding particular gunpowder particles that may be found at a gunshot wound if the shot is fired at a close distance. In this case, there was no evidence that anything was tested for the possible presence of gunpowder particles.
 {¶ 5} No person testified at trial that he or she saw defendant with a gun.
 {¶ 6} In this case, defendant was indicted in April 2003 on one count of felonious assault, with specification, in violation of R.C. 2903.11; one count of improperly discharging a firearm at or into a habitation or school, with specification, in violation of R.C. 2923.161; one count of having a weapon while under disability, in violation of R.C. 2923.13; and one count of domestic violence, in violation of R.C. 2919.25. This case was tried without a jury in October 2003. The trial court found defendant guilty as charged in the indictment and duly sentenced defendant. Defendant appeals and has asserted the following two assignments of error:
1. The verdicts were not supported by sufficient evidence.
2. The verdicts were against the manifest weight of the evidence.
 {¶ 7} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Statev. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In determining the sufficiency of the evidence, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law, not fact.Thompkins, at 386.
 {¶ 8} Regarding the weight of evidence, the Supreme Court of Ohio, inThompkins, at 387, stated as follows:
* * * Weight of the evidence concerns "the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief."
(Emphasis sic.) Id., quoting Black's Law Dictionary (6 Ed. 1990) 1594.
 {¶ 9} Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Defendant argues that the judgment was against the manifest weight of the evidence. When assessing whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and ultimately determine "`whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Furthermore, "`[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 10} We first review defendant's conviction for domestic violence. R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C.2919.25(F) defines "family or household member" for purposes of R.C.2919.25. Defendant argues that the evidence at trial failed to demonstrate that Leeoandra Reaves was a family or household member of defendant. The state concedes that no evidence was presented at trial indicating that Ms. Reaves was a family or household member of defendant pursuant to R.C. 2919.25. We agree that there was insufficient evidence admitted at trial to convict defendant of domestic violence. Therefore, defendant's conviction for domestic violence must be reversed.
 {¶ 11} We will now address the other convictions. As stated above, defendant was convicted of felonious assault, with specification, in violation of R.C. 2903.11; improperly discharging a firearm at or into a habitation or school, with specification, in violation of R.C. 2923.161; and having a weapon while under disability, in violation of R.C. 2923.13. The issue in this case resolves to whether there was sufficient evidence admitted at trial indicating that defendant was the person that fired the bullet into the apartment. As stated by defendant, these "charges hinge upon factual findings that [defendant] had a firearm in his possession and shot that firearm into Luan Pryor's apartment." (Defendant's brief, at 10.)
 {¶ 12} Upon viewing the evidence in a light most favorable for the prosecution, it was reasonable for the trier of fact to conclude that defendant was the shooter. Preliminarily, we observe that no person testified at trial that he or she saw defendant fire the gunshot into Ms. Pryor's apartment. However, the elements of an offense may be proven by direct evidence, circumstantial evidence, or both. State v. Flowers
(Feb. 28, 2002), Franklin App. No. 01AP-722, citing State v. Durr
(1991), 58 Ohio St.3d 86. "Circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, at 272. In the case at bar, defendant's possession and firing of a firearm into the apartment was reasonably demonstrated through circumstantial evidence.
 {¶ 13} The testimony at trial placed defendant, by himself, near the back door of Ms. Pryor's apartment immediately prior to the shooting. Ms. Reaves ran into the apartment after being hit in the head and kicked in the side by defendant, she shut and locked the back door, and then the doorknob rattled, as if someone was trying to get inside the apartment. Within seconds of the rattling of the doorknob there was a gunshot, and a bullet pierced the back door of Ms. Pryor's apartment and struck Ms. Reaves in the foot. The 911 audiotape admitted at trial was consistent with the testimony regarding the temporal proximity of these events. Moreover, a shell casing was found on the patio directly outside the back door of the apartment. A logical inference from the evidence presented at trial is that defendant shot Ms. Reaves with a firearm in his possession. In reaching this ultimate conclusion, it is unnecessary to impermissibly stack an inference upon an inference.
 {¶ 14} Defendant argues that the trial court's findings were not proper in view of the burden of proof in this criminal case. Defendant asserts that an unseen person could have been in the common area, and that person could have fired the shot. (See defendant's brief, at 16.) We find this argument to be unpersuasive. In Jenks, at 273, the Supreme Court of Ohio held "that when the state relies on circumstantial evidence to prove an element of the offense charged, there is no requirement that the evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction." Id., overruling State v.Kulig (1974), 37 Ohio St.2d 157. Therefore, even assuming, arguendo, that defendant's theory that someone else in the common area fired the gunshot was a reasonable theory of innocence, it was unnecessary for the evidence to be irreconcilable with this theory in order for it to support the convictions.
 {¶ 15} Accordingly, we conclude that there was sufficient evidence in the record to convict defendant of felonious assault, with specification; improperly discharging a firearm at or into a habitation or school, with specification; and having a weapon while under disability.
 {¶ 16} Because we have determined that legally sufficient evidence supported these convictions, we next consider defendant's assertion that the convictions were against the manifest weight of the evidence. Regarding this issue, we observe that, in this appeal, defendant has not challenged the credibility of any of the witnesses at trial, nor has defendant specifically pointed to any conflicts in the evidence. After reviewing the entire record, we find that the trier of fact did not clearly lose its way and create such a manifest miscarriage of justice that the convictions for felonious assault, with a specification; improperly discharging a firearm at or into a habitation, with a specification; and having a weapon while under disability, must be reversed and a new trial ordered.
 {¶ 17} Based on the foregoing, defendant's first assignment of error is sustained to the extent it argues that his domestic violence conviction was not supported by sufficient evidence, but overruled with respect to the argument that his other convictions were not supported by sufficient evidence. To the extent defendant's second assignment of error alleges his domestic violence conviction was against the manifest weight of the evidence, it is rendered moot. Defendant's second assignment of error is otherwise overruled. Consequently, the judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
Brown, P.J., and Sadler, J., concur.
[1] An audiotape of the 911 call was admitted into evidence.
[2] We note that there were brick walls that protruded out from the apartment on both sides of the back door. See State's Exhibit 2.