JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant Michael Church ("defendant") appeals from the judgment of the trial court finding him guilty of felonious assault and domestic violence. For the following reasons, we affirm in part; reverse in part and remand.
 {¶ 2} At trial, the following facts were established: On the morning of May 8, 2004, defendant got into an argument with his girlfriend Carmella Wren ("Ms. Wren") at the home she was renting. During the argument, he hit her. After defendant left the home, Ms. Wren called the Cleveland Police Department and made a report.
 {¶ 3} On June 17, 2004, Ms. Wren decided to break off her relationship with the defendant. She removed all of his belongings from the house and transported them to defendant's sister's house. Ms. Wren then called the defendant at his work and told him what she had done.
 {¶ 4} That evening, after finishing work, defendant went to Ms. Wren's house. He entered the home and threatened to shoot Ms. Wren and her family. He left the house to look for something in the garage. After being locked out of the house, defendant entered his car and drove it at the window of the house where Ms. Wren was standing inside the house, looking out that window. The car hit the house with such force that structural damage occurred. Ms. Wren was not injured because she was pushed out of the way by her cousin just before defendant's car hit the window where she had been standing. Defendant then exited his car and began breaking the windows of Ms. Wren's car with a brick. The Cleveland Police arrived on the scene while defendant was smashing Ms. Wren's windows and he was arrested.
 {¶ 5} On July 20, 2004, the Cuyahoga County Grand Jury indicted defendant on one count of felonious assault in violation of R.C. 2903.11, one count of vandalism in violation of R.C. 2909.05, and one count of domestic violence in violation of R.C. 2919.25.
 {¶ 6} On September 28, 2004, a bench trial began. Following the testimony of five State's witnesses, the defendant was found guilty of felonious assault and domestic violence. The vandalism charge was dismissed by the court. On November 3, 2004, defendant was sentenced to concurrent terms of three years on the felonious assault and ten months on the domestic violence.
 {¶ 7} Defendant now appeals and raises the following three assignments of error.
 {¶ 8} "I. The verdict of the court finding defendant-appellant guilty of felonious assault is against the manifest weight of the evidence."
 {¶ 9} In the first assignment of error, defendant argues that his conviction for felonious assault is against the manifest weight of the evidence. We disagree.
 {¶ 10} When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 11} Here, defendant was convicted of felonious assault in violation of R.C. 2903.11. R.C. 2903.11(A)(2) defines the offense of felonious assault, in pertinent part, as "knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance."
 {¶ 12} At trial, Ms. Wren testified that the defendant got into his car and drove it into her house, directly into a window in which she was standing. Three other witnesses testified that they saw the defendant enter his vehicle and drive it into Ms. Wren's house. This intentional act clearly manifests the intent of the defendant to cause Ms. Wren physical harm. The fact that the defendant used his vehicle to carry out the act also clearly reflects that the vehicle was utilized as a deadly weapon. See In re B.B., Cuyahoga App. No. 81948, 2003-Ohio-5920 (an automobile can be classified as a deadly weapon when used in a manner likely to produce death or great bodily harm); State v. Kilton, Cuyahoga App. No. 80837, 2003-Ohio-423; State v. Prince (Nov. 19, 1992), Cuyahoga App. No. 61342. Accordingly, we find that the trial court did not clearly lose its way and create a manifest miscarriage of justice when it determined that defendant attempted to cause physical harm to Ms. Wren using his vehicle as a deadly weapon.
 {¶ 13} Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in finding defendant guilty of felonious assault. Substantial, competent, credible evidence supports the court's verdict.
 {¶ 14} Assignment of Error I is overruled.
 {¶ 15} "II. The trial court erred by not considering the lesser offense of aggravated assault.
 {¶ 16} In his second assignment of error, the defendant argues that the trial court erred in refusing to charge the jury on the lesser included offense of aggravated assault. We disagree.
 {¶ 17} Aggravated assault is an offense of an inferior degree of felonious assault because its elements are identical to felonious assault except for the additional mitigating element of provocation. State v.Deem (1988), 40 Ohio St.3d 205. Accordingly, if the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury. Id. However, the provocation must be reasonably sufficient to bring on extreme stress and incite or arouse the defendant into using deadly force. Id. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. Id. It must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control. State v. Shane (1992),63 Ohio St.3d 630.
 {¶ 18} Here, we find the evidence insufficient, as a matter of law, to establish that defendant was provoked into using deadly force. The testimony shows that defendant initiated the encounter with Ms. Wren by entering her home and threatening her. Defendant then entered his vehicle, while Ms. Wren was inside the home, and drove it at the window in which she was standing. Defendant argues that he was provoked by Ms. Wren because she removed his belongings from the house. However, this is not sufficient provocation to cause an ordinary person to lose control and use deadly force. See State v. Deem, supra (a historically stormy relationship and the bumping of the defendant's car by the victim's car insufficient to incite the defendant into using deadly force); State v.Glass, Franklin App. No. 04AP-140, 2004-Ohio-5843 (verbal exchange between defendant and the victim did not warrant instruction on aggravated assault in prosecution for felonious assault). Accordingly, the instruction on aggravated assault was properly refused.
 {¶ 19} Assignment of Error II is overruled.
 {¶ 20} "III. The trial court erred by not granting defendant's motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure on the charge of domestic violence."
 {¶ 21} In his third assignment of error, defendant argues that the State failed to present sufficient evidence to support his conviction for domestic violence. We agree.
 {¶ 22} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 23} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 24} Here, defendant was charged with domestic violence. R.C. 2919.25
provides in pertinent part:
 {¶ 25} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 26} "* * *
 {¶ 27} "(F) As used in this section and sections 2919.251 and2919.26 of the Revised Code:
 {¶ 28} "(1) `Family or household member' means any of the following:
 {¶ 29} "(a) Any of the following who is residing or has resided with the offender:
 {¶ 30} "* * *
 {¶ 31} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 32} "* * *
 {¶ 33} "(2) `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
 {¶ 34} The burden is on the State to establish beyond a reasonable doubt both elements of the offense: (1) that defendant caused or attempted to cause physical harm to the victim, and (2) that the victim was a family or household member.
 {¶ 35} Here, the testimony at trial failed to demonstrate that Ms. Wren was a family or household member within the meaning of R.C. 2919.25. Since, Ms. Wren testified that she was not married or living in a common-law marriage with the defendant, the State needed to show that defendant was a "person living as a spouse" of Ms. Wren. "Cohabitation" has been defined as: (1) the sharing of familial or financial responsibilities and (2) consortium. State v. Williams (1997),79 Ohio St.3d 459, 461.
 {¶ 36} At trial, Ms. Wren testified that she and the defendant were boyfriend and girlfriend. She testified that she rented a house located at 1911 Rookwood Road in Cleveland, Ohio. However, there was no testimony that the couple shared any living expenses, such as rent and utilities, which would demonstrate shared financial responsibilities. Indeed, Ms. Wren stated in cross-examination that defendant was married to someone else.[1] Accordingly, her testimony failed to demonstrate that she and the defendant were "co-habitants" within the meaning of R.C. 2919.25. SeeState v. Rhodes, Franklin App. No. 04AP-50, 2005-Ohio-2293; City of Akronv. Taylor, Summit App. No. No. 20622, 2001-Ohio-1947.
 {¶ 37} Upon a review of the evidence in a light most favorable to the State, we find that the State failed to demonstrate beyond a reasonable doubt that Ms. Wren was a family or household member pursuant to R.C. 2919.25(E). Accordingly, defendant's motion for acquittal on the charge of domestic violence should have been granted.
 {¶ 38} Defendant's third assignment of error is sustained.
Judgment affirmed in part; reversed in part and cause remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur.
[1] Tr. 43-44.